UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TROY ANTHONY DUNLAP,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT,<br><br>    Respondent. | Civil No. 05-1667 (PAM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed with prejudice.

Petitioner commenced this action on August 5, 2005, by filing a habeas corpus petition challenging two Minnesota state criminal convictions that he incurred in 2001. Petitioner had already challenged one of those convictions in a prior habeas corpus proceeding, and he did not have permission to challenge that conviction again in a second habeas petition. See 28 U.S.C. § 2244(b) (restricting second or successive habeas petitions). Petitioner was therefore ordered to file an amended petition challenging only the state court conviction that had not been reviewed in his previous habeas case. (See Order dated August 8, 2005; [Docket No. 3].)

Thereafter, Petitioner did file an amended petition, but he did not comply with the pleading requirements imposed by the order directing him to amend. The Court then gave

Petitioner an opportunity to file a second amended petition. Petitioner's second amended petition, (Docket No. 9), was filed on September 29, 2005, and that petition is now before the Court.

The Court previously examined Petitioner's second amended petition and found that it appears to be barred by the one-year statute of limitations that applies to § 2254 habeas corpus actions. See 28 U.S.C. § 2244(d)(1). In light of the nearly four year gap between the date of Petitioner's conviction and the commencement of the current federal habeas action, there is obvious reason to be concerned about the timeliness of this action. For this reason, Petitioner was ordered to file a written memorandum and affidavit showing cause why his petition should not be summarily dismissed pursuant to the one-year statute of limitations. (Order dated October 7, 2005; [Docket No. 11].) That order warned Petitioner that if he did not file the required memorandum and affidavit by October 28, 2005, it would be recommended that this action be dismissed with prejudice.

The deadline for responding to the Court's prior order has now expired, and Petitioner has not filed the memorandum and affidavit required by that order. The Court must therefore consider the timeliness of the instant petition without Petitioner's input on the subject.

The second amended petition shows that Petitioner's judgment of conviction was entered on October 28, 2001. As far as the Court can tell, Petitioner did not challenge his conviction or sentence by direct appeal, which would mean that his judgment of conviction became final, for statute of limitations purposes, upon "the expiration of the time for seeking

such review." 28 U.S.C. § 2244(d)(1)(A).[1]  According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...."  Rule 28.02, subd. 4(3).  Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence expired on or about January 26, 2002, (i.e., 90 days after entry of judgment in the trial court), and that is the date when the one-year statute of limitations began to run in this case.  The limitation period for seeking federal habeas corpus relief expired one year later, on or about January 26, 2003.  However, Petitioner did not file his current petition until August of 2005 -- more than two-and-a-half years after the limitations period had expired.

The Court recognizes that the statute of limitations could have been tolled while Petitioner pursued post-conviction relief in the state courts.  See 28 U.S.C. § 2244(d)(2). Petitioner did challenge his conviction and sentence in a state post-conviction motion, but he has not disclosed when that motion was filed, (even though the Court's prior order of October 7, 2005, explicitly instructed him to provide that information).  The Court has been able to ascertain, however, that Petitioner appealed the state trial court's ruling on his post-conviction motion, and that his appeal was not decided until July 20, 2004.  See Dunlap v. State, No. A03-1721 (Minn.App. 2004), 2004 WL 1615065 (unpublished opinion), rev. denied, September 21, 2004.  Given the relatively late date of the Court of Appeals' decision in Petitioner's post-conviction proceeding, (i.e., nearly three years after he was convicted), it

---

[1] Clauses (B), (C) or (D) of subsection 2244(d)(1) are not applicable here, because Petitioner has not shown that the state created any impediment that prevented him from pursuing his legal challenges sooner, nor has he shown that his claims are based on any newly-recognized constitutional right or newly-discovered evidence.

appears highly unlikely that Petitioner filed his post-conviction motion promptly after he was sentenced in 2001.

The Court further notes that Petitioner did not commence the present action until August 2005, which was almost a full year after the Minnesota Supreme Court denied his request for further review in his state post-conviction proceeding.

Therefore, even though the federal habeas statute of limitations was tolled while Petitioner's state post-conviction proceeding was pending in the various state courts, pursuant to § 2244(d)(2), it still appears that the statute of limitations was running in this case for well over one year. More specifically, it appears that the statute was running for at least several months, and perhaps as long as a year or more, <u>before</u> Petitioner tolled the statute by filing his state post-conviction motion; and the statute then ran for almost another full year <u>after</u> the state post-conviction proceedings were fully completed. Thus, it clearly appears that the statute of limitations must have been running in this case for a total of more than a full year.

The Court's prior order of October 7, 2005, expressly invited Petitioner – in fact <u>required him</u> – to explain why his current petition is not time-barred. However, Petitioner has failed to respond to that order, despite the Court's explicit warning that his case would be dismissed with prejudice if he failed to respond in a timely manner. Based on the known chronology of events in this case, combined with Petitioner's failure to respond to the prior order directing him to file a more complete chronology of the case, it is reasonable and appropriate to conclude that Petitioner's current habeas corpus petition must be time-barred under § 2244(d)(1). It will therefore be recommended, in accordance with the Court's prior

order, that this action be summarily dismissed with prejudice.[2]

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 9), be **DENIED**;

2. Petitioner's request to proceed in forma pauperis, (Docket Nos. 2 and 10), be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: November 8, 2005

    s/ Arthur J. Boylan
    ARTHUR J. BOYLAN
    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 22, 2005.

---

[2] Having determined that this action should be summarily dismissed, the Court will also recommend that Petitioner's pending request to proceed in forma pauperis, (Docket Nos. 2 and 10), be denied.