UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Troy Anthony Dunlap,                                                  Civil File No. 05-1667 (PAM/AJB)

          Petitioner,

v.                                                                                    **MEMORANDUM AND ORDER**

United States District Court,

          Respondent.

---

This matter is before the Court on Petitioner's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Arthur J. Boylan, dated November 8, 2005. The R&R recommended that the Court summarily dismiss this action with prejudice. Petitioner filed Objections to the R&R on November 16, 2005.

**BACKGROUND**

On August 5, 2005, Petitioner filed a Petition under 28 U.S.C. § 2254 for a writ of habeas corpus. He amended the Petition twice, and the Second Amended Petition is currently before the Court. Petitioner is challenging a Minnesota state criminal conviction for which judgment was imposed on October 28, 2001. The Magistrate Judge recommended that the Petition be dismissed because it was barred by the one-year statute of limitations that applies to habeas petitions. See 28 U.S.C. § 2244(d)(1)(A). Prior to entering the R&R, the Magistrate Judge ordered Petitioner to provide a chronology of legal proceedings so that the Court could determine the applicability of the limitations period. Petitioner failed to comply with this Order, and the Magistrate Judge therefore proceeded on the scant record before him.

Petitioner's Objections to the R&R consist of a Petition for Post-Conviction Relief dated November 14, 2005; written narratives pertaining to Petitioner's state court proceedings; newspaper articles; a copy of a Minnesota Rule of Professional Conduct; a letter from the Board of Pardons; a letter from the Office of the State Public Defender; a letter from the Honorable Thomas W. Wexler; and a copy of the R&R in this case. Petitioner neither objects to the Magistrate Judge's application of the relevant statute of limitations, nor provides documentation that would alter the recommendation.

**DISCUSSION**

The Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on the record and Petitioner's Objections, the Court adopts the R&R and dismisses this action with prejudice because it is barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1).

As the Magistrate Judge noted, there is nearly a four-year gap between the date of Petitioner's conviction and the filing of the Petition. According to Petitioner, the judgment of conviction was entered on October 28, 2001. There is no evidence that Petitioner challenged his conviction or sentence by direct appeal. Thus, the judgment of conviction became final for the purpose of the limitations period on or about January 28, 2002. See Minn. R. Crim. P. 28.02, subd. 4(3) (requiring a defendant to appeal within ninety days after final judgment). The period for seeking federal habeas review expired one year later, on January 28, 2003. See 28 U.S.C. § 2244(d)(1). Petitioner filed his Petition on August 5, 2005, well after the limitations period expired.

The Magistrate Judge recognized that the statute of limitations would have been tolled while Petitioner pursued post-conviction relief in the state courts.  See id. § 2244(d)(2).  However, Petitioner's Objections contain the only copy of a petition for post-conviction relief in the record, and it is dated November 14, 2005.  Clearly, this petition did not toll the limitations period between January 26, 2002, and August 5, 2005.  Petitioner also included in his Objections a letter from the Office of the State Public Defender, which references a petition for post-conviction relief filed in April 2005.  Thus, the Court will not count the time between April 2005 and August 2005 toward the limitations period.  The letter also mentions another petition for post-conviction relief, which was on appeal to the Minnesota Court of Appeals until July 20, 2004, and on appeal to the Minnesota Supreme Court until September 21, 2004.  There is no indication when this petition was first filed in state court.  Given the date of the Court of Appeals' decision in July 2004, nearly three years after Petitioner's conviction, the Court agrees with the Magistrate Judge that it is "highly unlikely that Petitioner filed his post-conviction motion promptly after he was sentenced in 2001."  (R&R at 4.)

Petitioner has been given ample opportunity to provide the information necessary to determine the applicability of the statute of limitations, and he has not.  Thus, after accounting for the documented time during which Petitioner was pursuing post-conviction relief in the state courts, the Court nevertheless finds that his federal habeas petition is barred by the one-year statute of limitations.  The Petition is dismissed with prejudice, and Petitioner's request to proceed in forma pauperis is denied.

**CONCLUSION**

3

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R of November 8, 2005 (Clerk Doc. No. 12) is **ADOPTED**;

2. Petitioner's Applications to Proceed In Forma Pauperis (Clerk Doc. Nos. 2 & 10) are **DENIED**; and

3. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 19, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge